November 21, 1910.

————o————

5093.

(Court of Appeal, Parish of Orleans).

### JOHN H. MURPHY vs. BETHANCOURT & SENTILES BROS., ET AL.

1. A suit *via ordinaria* may properly be brought by a furnisher of machinery against the party to whom it was furnished and against the purchaser of the property after registry of the claim for the contract price thereof.

2. In such suit, the plaintiff may obtain a personal judgment against the former and the recognition and enforcement of the privilege on the property in the latter's hands.

Appeal from the 28th. Judicial District Court for the Parish of Jefferson.

L. H. Marrero, Jr., and A. E. Billings, for appellant.

John Fleury and Foster, Milling, Brian & Saal, for appellee.

DUFOUR, J.—In July, 1906, the plaintiff, under a written contract, constructed and installed, for the agreed consideration of $400, certain machinery on the

— 41 —

Fairfield Plantation, then owned by the planting partnership of Bethancourt & Sentiles Brothers.

This claim was duly recorded in November, 1906.

In 1907, the partnership sold its interest in the plantation to one Brady, who subsequently sold the same to the Fairfield Land and Improvement Association.

In 1909, this suit was filed to hold all of those parties liable in solido, the planting company, for the reason that it originally contracted the debt, and the others on the grounds that they had assumed the debt and bought the property subject to the recorded privilege.

The prescription of one and three years pleaded were properly overruled; this suit is based, not on a claim for labor, or on an account, but on a written contract offering and accepting a proposition and signed by both parties.

The action is a personal one prescriptible by ten years.

### Revised Civil Code, 3544.

It is claimed by defendants that the action should have been an hypothecary and not an ordinary one. This contention was unsuccessfully urged, under similar circumstances, in **Weil vs. Kent, 52 An. 2139,** in which the Supreme Court recognized the propriety of the personal action coupled with a demand for the enforcement of the privilege.

The judgment in favor of plaintiffs though correct in the main, must be modified to suit the conclusions we have reached.

The plaintiff firm of Bethancourt & Sentiles Brothers was an ordinary partnership against which no solidary judgment should be rendered, each partner is liable merely for his virile share.

We do not find that either Brady or his vendee assumed the debt; hence, no judgment, whatsoever, can be had

against Brady, who neither assumed the debt nor holds the property, and the liability of the Improvement Company cannot go beyond subjecting the property in its possession to the enforcement of the privilege recorded at the time of its purchase.

No recovery can be had in this suit for any items beyond those proved under the contract which amounts to $400, and the item of $15, for pipe and fittings was not among those recorded as having a privilege on the machinery.

The judgment must be re-cast.

It is, therefore, ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, John H. Murphy, and against defendants, Wilfred Bethancourt, Paul, Joseph and Jules Sentiles in the sum of one hundred dollars ($100), each with 5% interest from judgment until paid and all costs, and that there be judgment in favor of plaintiff, John H. Murphy and against the defendant, the Fairfield Land and Improvement Company, recognizing to the extent and amount of three hundred and eighty-five dollars ($385), plaintiff's privilege on the machinery set forth and described in the contract filed herein and recorded in Mortgage Book No. 41, folio 708 and all costs, and it further ordered that plaintiff's demand against Edward F. Brady be dismissed at plaintiff's cost, and that, as amended, the judgment be affirmed, appellee to pay costs of appeal.

Godchaux, J., recused.